Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4020 | DATE | 6/7/2001 |
| CASE TITLE | RONALD GOLDBERG vs. FOCUS AFFILIATES, INC. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motions to vacate the minute order dated 3/26/01 [28-2] and motion to stay the litigation [8-1] are granted. All remaining motions [28-3], [28-4], [20-1], [20-2], [22-1], and [22-2] are denied. Case is stayed. Status hearing held.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUN 0 8 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | FILED FOR DOCKETING |
| | Copy to judge/magistrate judge. | 01 JUN -7 PM 5:37 |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office |

Document Number: 31

docketing deputy initials: jw

date mailed notice

mailing deputy initials

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

RONALD GOLDBERG, PHILIP )
LEAVITT, SHERWIN GEITNER, )
and CARY MAIMON, )
)
Plaintiffs, )
)
v. ) Case No. 00 C 4020
)
FOCUS AFFILIATES, INC., dba )
FOCUSWIRELESS.COM, a Delaware )
Corporation, f.k.a. INTELLICELL ) The Honorable John W. Darrah
CORP., and MICHAEL HEDGE, )
)
Defendants. )
)

DOCKETED
JUN 0 8 2001

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motions to (1) Vacate Minute Order Dated 03/26/01 [28-2] (denying Defendants' Motion to Stay as moot), (2) Set a date for Hearing on Defendants' Motion to Stay Litigation [28-3], and (3) Stay these Proceedings Pending Appeal [28-4], as well as Plaintiffs' Motions (1) for Expedited Discovery [20-1], (2) to Stay Ruling on Motion to Stay [20-2], (3) to Dismiss Arbitration Proceeding [22-1], and (4) to Stay Pending Discovery [22-2]. For the reasons stated herein, Defendants' Motions to Vacate the Minute Order Dated 03/26/01 [28-2] and Motion to Stay the Litigation [8] are GRANTED. All remaining Motions [28-3], [28-4], [20-1], [20-2], [22-1], and [22-2] are DENIED.

## BACKGROUND

Plaintiffs and Cellular Wholesalers, Inc. entered into a merger agreement with Defendant

-1-

37

Focus Affiliates, Inc. ("Focus") and Merger Sub on July 23, 1999. Defendant Michael Hedge ("Hedge") signed the Agreement in his official capacity as CEO of Focus and Merger Sub.

The Agreement included an arbitration clause that provided as follows: "in the event of any dispute under the terms of this Agreement, such dispute shall be resolved by binding arbitration under the rules of the American Arbitration Association in Los Angeles, California."

On April 24, 2000, Defendant Focus filed a Demand for Arbitration with the American Arbitration Association, stating claims of fraud and breach of contract.

On June 30, 2000, Plaintiffs filed the present lawsuit, asserting claims of fraud, negligence, and breach of contract. Defendants filed a Motion to Stay Litigation pending the outcome of the arbitration proceeding on August 4, 2000 [8]. Plaintiffs filed their own Motion for Expedited Discovery and to Stay Ruling on Motion to Stay on February 22, 2001 [20-1,2]. Soon after on March 6, 2001, Plaintiffs filed their Motion to Dismiss Arbitration Proceeding, or in the Alternative, to Stay Arbitration Pending Discovery [22-1,2].

Defendants' Motion to Stay Litigation [8] was denied as moot on March 26, 2001. Defendants, in turn, filed their "Motion to Reconsider and Vacate Minute Order Dated 03/26/01 and to Set a Date for Hearing on Defendants' Motion to Stay Litigation or, Alternatively, to Stay these Proceedings Pending Appeal" [28-2, 3, 4].

## LEGAL STANDARD

Federal law favors arbitration as a means of resolving disputes. The Federal Arbitration Act ("FAA") provides that a "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity

for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has recognized that the FAA embodies a broad federal policy favoring arbitration. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-226, 107 S.Ct. 2332, 2336-37 (1987). Section 3 of the FAA requires a court to stay proceedings if an issue before it is arbitrable under an agreement covered by the FAA, while Section 4 directs the court to issue an order compelling arbitration if either party fails, neglects, or refuses to comply with the arbitration agreement. The FAA further "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract itself or an allegation of waiver, delay, or a like defense to arbitrability."

## DISCUSSION

It is appropriate that these Motions be considered together since they concern the proper forum for resolution of the litigants' numerous disputes. Defendants seek an order staying the present case so that Plaintiffs' claims might be resolved in the ongoing arbitration. Plaintiffs in turn seek an order staying the arbitration so that all claims might be considered in federal court.

Plaintiffs argue the claims in their Complaint are not subject to the arbitration clause of the Agreement and that the arbitration should be dismissed because: (1) their claims do not arise under the "terms of the agreement"; (2) Defendant Hedge is not a party to the Agreement in his individual capacity; (3) and the alleged "successor in interest" to Focus was not a party to the Agreement. Plaintiffs' arguments for staying the arbitration and against staying the litigation are considered individually.

*Claims Arising "Under Terms of the Agreement"*

In seeking to stay this litigation, Defendants have argued that Plaintiffs' claims constitute

-3-

disputes "under the terms of this Agreement," making them subject to the mandatory arbitration clause in the Agreement. Plaintiffs disagree contending that their tort claims do not arise "under the terms of this Agreement" and are therefore not arbitrable.

"In deciding whether a particular claim comes within the scope of an arbitration agreement, the focus is on the factual allegations of the complaint." *Schact v. Hartford Fire Insurance Co.*, 1991 WL 171377 (N.D.Ill. 1991)(Kocoras, J.). Plaintiffs' Complaint includes three tort claims based on fraudulent inducement. Plaintiffs' Count I alleges that Michael Hedges made misrepresentations which fraudulently induced Plaintiffs to enter into the merger agreement. (A.Compl. 9). Count II seeks to hold Focus responsible for this same conduct. (A.Compl. 10). Count III, once again, seeks to hold Focus responsible for similar conduct under a theory of negligent misrepresentation. (A.Compl. 11). Count IV is a breach of contract claim.

Generally speaking, "[a]n order to arbitrate [a] particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id. National R.R. Passenger Corp. v. Chesapeake & Ohio Ry. Co.*, 551 F.2d 136, 140 (7th Cir. 1977)(quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 582-83 (1960)). Indeed, "once it is clear the parties have a contract that provides for arbitration of some issue between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration." *Miller v. Flume*, 139 F.3d 1130, 1135 (7th Cir. 1998).

Claims of fraudulent inducement can be subject to arbitration under mandatory arbitration provisions. In *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967), the Supreme Court considered an arbitration clause stating "[a]ny controversy or claim *arising out of*

*or relating to* this Agreement, or the breach thereof, shall be settled by arbitration." The Court found that this provision was broad enough to cover claims of fraud in the inducement but limited its holding to instances where the dispute falls within the scope of the particular arbitration clause in question. Under *Prima*, a court must look to the wording of the arbitration provision and determine if it is broad enough to include the particular claim.

The relevant question in this case is whether Plaintiffs' claims of fraudulent inducement constitute claims arising "under the terms of this Agreement." In an early case, the Second Circuit stated that the phrase "any dispute or difference [arising] under this Charter" was not broad enough to reach claims of fraud in the inducement. *In re Kinoshita & Co.*, 287 F.2d 951, 952-53 (2nd Cir. 1961). The Ninth Circuit reached a similar holding in *Mediteranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983), where it concluded that the phrase "arising hereunder" is intended to cover a much narrower range of disputes than the phrase "arising out of or relating to."

The continued vitality of *Kinoshita* has been questioned in later Second Circuit rulings. In *S.A. Mineracao Da Trindade-Samitri v. Utah Intern., Inc.*, 745 F.2d 190 (2nd Cir. 1984), the Second Circuit limited *Kinoshita* to its precise facts but refused to overrule the case because contracting parties may have relied on it in formulating language for their arbitration clauses. The Second Circuit did recognize that *Kinoshita's* reasoning is inconsistent "with federal policy favoring arbitration." *Id.* at 194. In *Mineracao*, the Second Circuit found that a contract that provided for arbitration of "'any *question* or dispute aris[ing] or *occur[ring]* under' the agreement" covered claims of fraudulent inducement. *Id.* at 194. The Second Circuit again distinguished *Kinoshita* in *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840 (2nd Cir. 1987). There, the Second Circuit found that an arbitration clause requiring arbitration of "all claims and disputes *of whatever nature* arising

under this contract" reached claims of fraud in the inducement. *Id.* at 854.

In *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress International, LTD.*, 1 F.3d 639, 641 (7th Cir. 1993), the Seventh Circuit considered an arbitration provision covering disputes "arising out of" the Agreement. While the Seventh Circuit did not adhere to the reasoning of *Kinoshita* and *Mediterranean*, it did not explicitly reject it either. Instead, the Seventh Circuit stated, "[t]here is no need to disagree with the Second and Ninth Circuits that 'arising under' may denote a dispute somehow limited to the interpretation and performance of the contract itself." *Id.* at 642. It further noted, "[a]s a matter of 'precise fact,' *Kinoshita* deals with the effect of 'arising under' language." *Id.*

At least one district court in the Seventh Circuit has declined to follow the reasoning of the Ninth Circuit in *Mediterranean Enterprises*. *See Nemrow v. VMS/Stout Joint Venture*, 1989 WL 153541 (N.D.Ill. 1989)(Williams, J.)("Finally although the Ninth Circuit advised reading an 'arising under' clause narrowly in *Mediterranean Enterprises* (citation omitted), other circuits have not followed this reasoning, and this court declines to do so as well.")

At least three other circuits have rejected the reasoning of *Kinoshita* and *Mediterranean Enterprises*. In *Battaglia v. McKendry*, 233 F.3d 720, 724 (3rd Cir. 2000), the Third Circuit considered whether an arbitration provision stating "any controversy [that] arises hereunder" applied to a counterclaim that the agreement was the product of duress. The Third Circuit found that the provision was not limited to disputes involving the interpretation and performance of the settlement agreement but also covered disputes regarding the formation of the agreement.

The Fourth Circuit has also refused to take the restrictive approach of *Kinoshita* and *Mediterranean Enterprises*. In *Peoples Security Life Insurance Co. v. Monumental Life Insurance*

*Co.*, 867 F.2d 809, 813 (4th Cir. 1989), the Fourth Circuit found that a claim of fraudulent inducement fell within the scope of an arbitration clause that provided for arbitration of any issue "believed to constitute a breach or violation" of the agreement.

Similarly, in *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 285 (11th Cir. 1996), the 11th Circuit was asked to determine whether a claim of fraudulent inducement fell within the ambit of an arbitration provision providing for arbitration of "any dispute ... which may arise hereunder." The 11th Circuit concluded that, regardless of the plaintiffs' characterization of the claims, the claim for fraudulent inducement arose under the agreement and was therefore covered by the arbitration provision.

Plaintiffs' Counts I, II, and III based on fraudulent inducement constitute disputes "under the terms" of the Agreement.

### *Arbitration of Claim against Defendant Hedge*

Plaintiffs argue that their Count I based on fraudulent inducement against Michael Hedge in his individual capacity is not subject to arbitration since Hedge was not a party to the merger agreement or its mandatory arbitration provision.

"An agreement containing an arbitration clause covers non-signatories under common law contract and agency principles." *Messing v. Rosenkrantz & EMSA*, 872 F.Supp. 539, 540 (N.D. Ill. 1995)(Gettleman, J.). In addition, an agent may invoke an arbitration agreement entered into by its principal. *Morgan v. Kobrin Securities, Inc.*, 649 F. Supp. 1023, 1032-3 (N.D.Ill. 1986)(Moran, J.).

In the instant case, Plaintiffs' Count I alleges that Defendant Hedge made misrepresentations "with reckless disregard for their truth in order to induce ... the Principal CWI Stockholders to enter into the Merger Agreement." (A.Compl. 9). Plaintiffs do not allege that Hedge acted outside the

scope of his role as agent for Focus in making these representations. In fact, Plaintiffs allege that Focus is liable for these same representations in Counts II and III. Since Plaintiffs' claim against Hedge as an agent for Focus is substantively the same as his claims brought against Focus, Defendant Hedge is entitled to invoke the arbitration provision entered into by his principal, Focus.

*Right of Successor in Interest to Enforce Arbitration Clause*

Lastly, Plaintiffs have sought to have the pending arbitration dismissed or stayed since they have discovered that a corporate entity known as "Pursuit Associates, LLC" claims to be the successor-in-interest to Defendant Focus. Plaintiffs argue (1) that they never agreed to arbitrate disputes with Pursuit, and (2) Section 10.5 of the Agreement required Focus to obtain the consent of plaintiffs before any assignments to a third-party.

Neither argument is persuasive in light of the Seventh Circuit's holdings in *Elzinga & Volkers, Inc. v. LSSC Corp.*, 47 F.3d 879 (7th Cir. 1995). In that case, the Seventh Circuit rejected the argument that a Plaintiff could avoid a mandatory arbitration provision by arguing that its obligation to arbitrate was limited to the Defendant's corporate predecessor with which it signed the arbitration provision. The Seventh Circuit further found that the issue of whether a party had breached its duty to obtain consent before assignment of the contract at issue was a controversy subject to arbitration.

It would be inappropriate to dismiss the arbitration on the grounds cited by Plaintiffs since the issues they raise constitute "disputes under the terms of the agreement" more appropriately considered as part of the arbitration.

## CONCLUSION

For the reasons stated herein, Defendants' Motions to Vacate the Minute Order Dated

03/26/01 [28-2] and Motion to Stay the Litigation [8] are GRANTED. All remaining Motions [28-3], [28-4], [20-1], [20-2], [22-1], and [22-2] are DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 7, 2001